Mr. Honors, first case of the morning, 2-12-0156, Allison Leja et al. v. Community Unit School District 300 On behalf of the appellant, Ms. Jean Anne Brown On behalf of the appellee, Ms. Rosa M. Tumalin I'm sorry, the last name is? Tumalin Tumalin? Tumialan Tumialan Good morning, Counsel Good morning, Your Honors May it please the Court, my name is Jeannie Brown, I'm here on behalf of the appellant in this case Respectfully, Your Honors, it's our position that the trial court improperly dismissed plaintiff's complaint and specifically in finding that the complaint failed to allege sufficient facts to find that the school was acting willfully and wantonly when instructing their minor student to operate equipment that they had reason to know was likely to cause her injury And how did they have that reason to know? Well, it's our argument that it's based primarily on the warning label that's placed directly on the equipment that caused the injury The equipment consists of a pole, and on the pole is a gearbox, and attached to the gearbox is a crank Directly on, as the pictures indicate, directly on the gearbox is a warning label, a very specific warning label that provides over-tightening may cause injury But now, doesn't a warning label make a product safer? I mean, you quote an excerpt from the restatement, which says, where there is a warning given, the seller may reasonably assume that it will be red and heated But there's another part to that sentence that defeats your argument, doesn't it? It goes on to say, and a product bearing such a warning, which is safe for use if it is followed, is not in defective condition, nor is it unreasonably dangerous Your Honor, admittedly, we didn't file this as a product's case But our reason for citing that section is because the predicate of Willful and Wanton is notice, knowledge of this dangerous condition And it's our position that the school can't argue that they had no reason to know that this was dangerous Because the warning label, which is placed on the product, provides that it could cause injury And so it's giving the school that notice that there's some kind of risk involved in operating this equipment Well, other than the restatement section that you cited in your brief, what authority do you have to support your position? That a warning label gives that notice Unfortunately, I've done extensive research for this case And there isn't a case out there that says that a warning label is enough to provide notice for Willful and Wanton conduct But, as this court ruled previously, in order to determine Willful and Wanton conduct, you need to look at the individual facts of each case And so I think there are three things you need to look at in this case One, most importantly, is the fact that this child was instructed by her coach, an authority figure, to operate this equipment Two, the warning label provides that there's danger involved Although the coach did not provide her with any guidance or any advice whatsoever before instructing her to operate the equipment And three, the manuals that accompany the equipment provide that these screws, these set screws holding the box onto the pole, need to be tightened prior to use The student didn't possess this manual She didn't have the advantage of seeing the manual, the instructions that come along with the equipment The school did to know the dangers associated with the equipment and the proper and safe way to operate the equipment So, like I said, there are three things to look at in this case But you don't allege that the school had knowledge that the screws were improperly tightened or that they were loose There's no allegation that they had any knowledge of that condition No, but we allege that the manuals specifically provide that the set screws are to be tightened prior to use And so we do allege that the school had that knowledge And did not advise the student when instructing her to operate the equipment that she should do that But do you allege that the screws weren't tightened? I'm not exactly sure, Your Honor I don't think you do So how, I mean, maybe they were tightened Well, Your Honor, it's important to remember this case was dismissed on a motion to dismiss And not a motion for summary judgment So there was no ability to conduct any discovery prior to the court's ruling Well, how, do you think that should be a factor in our decision? I do And how should we consider that? In what way? Well, I think that there are enough facts alleged in the complaint, at the very least, to defeat a motion to dismiss Because we allege sufficient facts that the school, one, had notice of this dangerous condition and two, didn't act accordingly And for Wilf and Lawton, don't you need to allege that the defendant's conduct was intentional? No, the case law provides that, basically, the conduct can be intentional or reckless And I think that that's our argument here, that the coach, in this case, acted recklessly in instructing the student And with the knowledge that they had or should have had You have to allege facts sufficient to show that they knew that it was likely that injury would occur Or should have occurred And I believe that we do And I'm going to go back to the warning label because I think it's very specific In providing that if you over-tighten it, it's going to cause injury And with that knowledge, or the allegation of that knowledge, I think it's enough to, at the very least, defeat a motion to dismiss But as you said, you have no authority to support that Not at this point, Your Honor Okay You know, if they had known about the label What is it, in your opinion, that they could have done to correct the situation? Which, was there really a situation to correct or was it just a situation whereby you would advise the kids Hey, when you tighten this, be careful What, if anything, would you allege or should you have alleged that they knew and could have corrected? Well, one, the fact that the coach was in a better position to know the dangers associated with the equipment How to operate it properly He, very simply, could have operated it himself At the very least, he could have advised the student prior to use Don't over-tighten it This is how you over-tighten it Make sure you tighten these set screws Or he, in accordance with the manual, would go and tighten the set screws before instructing the student to operate the equipment I think that he should be required to at least take some steps to protect the student Before just instructing her to go about and operate this equipment with no guidance or advice whatsoever But again, you don't allege that this wasn't done I'm sorry, that That the coach didn't do that I believe we do allege that the coach did not advise or guide or instruct the student at all Prior to ordering her to operate the equipment I think it's important in this case to remember that the coach had a significant advantage over the child In knowing the ramifications of this equipment and the risks involved There's no allegation that the coach knew of the unsafe condition Other than the allegation relating to the warning label and the manuals that accompanied the equipment There's no allegation that there was a history of failure and the coach knew of it or anybody in a superior position There's no allegations that there were previous similar incidents That's true I don't think that that's required I think that a notice of this dangerous condition is sufficient for willful and wanton So no, there are no allegations But again, discovery wasn't conducted in this case This was dismissed then A motion to dismiss In your complaint, did you ever allege that the crank was in fact over-tightened? I believe that we did Again, without having it in front of me, I could not say You had a second amended complaint as well Yes And the focus of the second amended complaint was the warning label Primarily the warning label The consistent aspect throughout the whole process of this case has been the instruction So you're hanging your hat on the warning label to show willful and wanton Is that what you're saying? Basically, but I think that the Peters case and the manual case are instructive in this case And those are other instruction cases Where the court found that an allegation that a child was instructed by coaching staff to encounter this dangerous condition Is sufficient to support a cause of action for willful and wanton So it's always been our argument that this instruction But in those cases that they actually instructed them And knew It's apparent that they knew of the dangerous condition In this case, where do you allege or can you allege anywhere or anyhow In any way that the coach knew of this warning label And yet failed to advise or failed to act properly Thereby warranting willful and wanton See, that's what I'm seeing lacking in both of your complaints Well, I believe the case all provides that the school knew or should have known That of this dangerous condition And that's why we argue that that warning label is very specific and clear Right on the crank itself that should provide the school with notice that it is dangerous or likely to cause injury But so the case then, this case is not like manual Because there was no warning label issue there There they knew of a specific condition that existed Which was the wet stairway, correct? The slippery, soppy, wet stairway And with that actual knowledge They then told the child who had cerebral palsy to traverse that stairway So that's not the facts of this case, right? I mean, this you're saying there's some warning label there As opposed to an actual condition We talked about earlier, you didn't allege that the screws weren't tightened here So these are different facts, aren't they? In the Peters case, which is another instruction case It's alleged that the coach was aware that it could be dangerous To instruct the players to run across the shot put pit But that was kind of an open and obvious danger That anybody, you or I, probably could have seen that that was a little dangerous That's why it's our position that it was clear that this was dangerous It was based on the warning label, yes And I don't think that that would be the case for every single situation I think you have to look at the individual facts of each case And all of the facts coupled together And like I said, in this case, the instruction coupled with the warning label And the manual providing for certain things that happened before operating the equipment So I think you have to look at the individual facts of each case And you can't just say all warning labels will provide notice in terms of Wilform One But now, in making that argument Aren't you, in essence, saying that the school became the supplier The equivalent of a supplier of equipment And yet the school really wasn't a supplier But rather was the purchaser of this equipment And the consumer Your Honor, our argument there is simply that the school was in a better position Like I stated earlier, a better position than the student To know the dangers associated with this equipment The school selected the equipment, ordered it, possessed the manuals and the guidelines And that's our argument, that they were in the position of a supplier Simply because they were in a better position to know what was involved with this equipment Than the student, who maybe this was her first time operating the equipment And the coach potentially operated it on a daily basis And had the advantage of knowing how the equipment worked and seeing the manuals But now you're speculating, you said maybe So we don't know any of that, correct? Well, we do know that the school purchased the equipment a little over a year before the incident And possessed the manuals The safety manuals and guidelines that come along with the equipment itself In terms of how much it was used by the coach That the individual involved in this case was the volleyball coach And the equipment was purchased a little over a year prior to the incident So you're basically asking us to agree with you To presume that the defendant knew of the dangerous condition To presume that the defendant read this warning label What if the defendant didn't read the warning label? It's very clear that the defendant still should have been aware of this warning label And what it provided, and the dangers that it provided And at this stage, I mean, whether the coach did in fact read the warning label or not I'm not sure really matters because he should have He should have been aware of that warning label So what your position is that we reverse it and remand it for further proceedings? I think at the very least, yes, your honor And in terms of, and I will just end with this if there aren't any further questions In terms of public policy, I don't think that the schools in a situation like this Should be allowed to hide behind, you know, toward immunity or anything like that Especially when they're in charge of minor students And in this case, instructing a minor to operate equipment that has certain limitations Thank you, you'll have time, thank you Ms. Toomey-Allen Good morning, your honors, may it please the court, my name is Rosa Toomey-Allen on behalf of the school district Your honor, just as you know, I've identified the very specific problem and the incongruency with what plaintiff is asking the court here to do The court is being basically asked to presume that there's a dangerous condition by virtue of the fact that there's a warning label on that equipment Which actually makes it safer, so to have the district become essentially the guarantor of all equipment that it purchases For use with its students is simply a burden that was never intended and not permitted under existing case law Doesn't it make sense, though, that a coach who's ordering a student to perform a task Should be familiar with any potential danger engaged, or that the student might encounter Performing that task that she is directed by the coach to perform Doesn't that make sense, that the coach should have read the label, the coach should have been familiar with the manual Well, Judge, in general, that would make sense, but we don't have any of those facts alleged in the complaint There's always a first What we have is a complaint that just alleges that there's a warning label on this equipment That the student was instructed to use it, which takes us into those instruction cases that counsel referenced And as this court, during the questioning, identified, Manuel and Peter's are completely different fact patterns What willful motting means is a conscious disregard, a conscious course of conduct that has a disregard for everyone's safety And in Manuel, you had a student with cerebral palsy, directed to climb stairs that were wet And so her gait was affected by her condition, and then the actual notice that the school in that case had Demonstrated that that conscious disregard that you need In Peter's, you have a conscious disregard of an open and obvious danger Here, we have nothing more than a mundane activity It is operating a crank that operates by tension And so the school and the student have equal access to this warning label, which is affixed plainly on the equipment But there's no... to take that extra leap and say that by virtue of just instructing her to use that Demonstrates a conscious disregard, based only on the warning label We have no facts, as counsel admitted during argument, there are no facts Part of that is because this was a motion to dismiss and there hasn't been an opportunity for discovery However, the motion to dismiss standards is very liberal And every inference is read in her favor And yet the facts, there were no facts, as counsel admitted here today, there are still no facts And we've heard speculation this morning about what may have been, maybe this was her first time using it These are facts, again, the motion to dismiss standard is very liberal And the facts, and we're given three opportunities to amend the complaint And three opportunities in the trial court each time had the same problem Where is the notice? There is no actual constructive notice In fact, what plaintiff is asking is for the court to supplant the requirement for even constructive notice And say the fact that there's a warning label on the equipment that happens to injure the minor That that is sufficient and that cannot be with the case laws It's not consistent with what the case law is today Well, when you're talking about the case law, if we look at the Peters case There, the allegations simply were that the defendants knew or should have known That this bumper was obscured by the weeds and that created this dangerous condition The court in Peters was pretty specific in holding that this was the pleading stage And therefore, that allegation was sufficient So, do you think that Peters is distinguishable or wrongly decided? I mean, why shouldn't this be decided like the Peters case? Because Peters actually, you have an open and obvious danger You have something, a condition of the land obstructed by the weeds And the coaches instruct the students to run across that where they're going to encounter that That's open and obvious Here we have what is otherwise safe equipment being used in the manner in which it's supposed to be used And the only thing that plaintiff can point to as defective about it is the fact that there's a warning label Which is inconsistent really with what a warning label means This is not Peters Peters is a proper analysis and conclusion In a motion to dismiss, as you mentioned, that we do construe that very liberally Don't you believe that there was enough here to allow this case to proceed forward, perhaps to a summary judgment stage? No No, the problem, the trial court identified it immediately Show me where a warning label suffices for constructive notice Not even actual notice, constructive Which is an even lesser threshold But there was no case law in there for good reason Because you cannot transplant strict liability products type of rules into a tort immunity context It just, they don't fit And that's why when you have to resort to 402 in the restatement, you're basically conceding that you have no facts You don't have a Peters situation You don't have a manual situation where you have someone or an entity, a public entity Consciously disregarding the safety of another Well, but isn't the danger of a volleyball net crank that has a tendency to snap back self-evident? Not for purposes of willful wanton conduct I mean, there has to be a conscious disregard, utter indifference And that just does not rise to that level under these facts There was no knowledge of anything happening like this before I mean, that's one of the elements What you, how to establish willful wanton conduct The knowledge of earlier incidences Similar instances that resulted in similar injuries We don't have any of that All we have is a warning label And that's just not enough The trial court was correct when it first identified that And by continuing to emphasize and focus on just the warning label Underscores the lack of any facts to support a willful wanton claim, even at the pleading stage Well, I think the plaintiff alleged a little bit more than that And I think they alleged the defendant was aware of prior difficulties with the volleyball net equipment Including but not limited to the propensity of the standards to slide up and down If not tightened properly The difficulty with the standards fitting into the floor properly And the difficulties with the crank itself Now, wasn't this allegation sufficient then? No, it doesn't give facts of constructive notice That this condition caused earlier injuries Or was that the school district was aware that there were earlier injuries But doesn't that put the school district on notice that there are some problems with this net? And doesn't, don't most of the cases with willful wanton say that willful wanton facts are a question for a jury? But there must be a conscious disregard, a course of conduct that's alleged And what we don't have here is, we don't have that We have really, if you look at some of the other cases Where courts are deciding these facts constitute a conscious disregard Where these are more mundane activities We're in the more mundane activity here with this kind of One case that comes to mind is the Ozick case, the rope ladder case Where you have a school district that is alleged to have maintained and operated Or instructed students to use a rope ladder that was 20, 25 feet up in the air And they did it without using any mats And then the child fell That is a conscious disregard This is, go set up the volleyball crank by cranking it up Obviously there's attention involved And obviously there is this possibility of, with attention to snap back But all you have is the warning label We don't have that situation where you're looking at an open, obvious danger Or you've got a rope ladder, 25 feet up in the air And not enough mats And you don't have enough, anybody supervising And making sure that the child using the rope ladder Is not being distracted by the other children waiting to use the rope ladder What we don't have here is that this course of conduct That is an utter indifference for the safety of others What we have is the more mundane type of situation That does not rise to the level of willful wanton But how do we factor in the fact that there has been no discovery conducted? I mean, how are they supposed to know some of these additional facts Without discovery? Well, still, the plaintiff By relying simply on the warning label That's just not enough to get her through to the threshold She has to allege facts of actual constructive notice And she just has not done that And the fact that there is no discovery That should not factor into the motion to dismiss Because the liberal standard is so liberal That everything is read in her favor Anyway There have to be facts alleged And there just aren't any With respect to the public policy What the plaintiff is asking to do And she has tried to limit the impact of this case Which would be a watershed opinion, really If a warning label was sufficient to give actual Excuse me, even constructive notice Counsel stated that everything would be limited to its facts But really, there really is no way to safely limit this case If a warning label is sufficient to give constructive notice Of a condition for the equipment that causes injury Then there really is no bounds to that liability And you would be importing product liability standards Into a tort immunity context Which defeats the purpose of tort immunity You'd also discourage school districts From having recreational activities at all Well, essentially, yes It would eradicate where we are today With what limits of liability are for these public entities And you would You would severely restrict that Well, on the other hand Perhaps you would have school districts Having the teachers perform duties That might otherwise be dangerous And not ask the kids to do it Could you look at it that way? Sure, but I don't know that operating the volleyball net crank Was inherently dangerous Based on what we've discussed here And what facts we have in the complaint All we have is a student directed to operate a crank That happened to have a warning label on it That happened to snap and hit her in the face Yes The liability that plaintiff would have this court impose On the school district is simply too broad And is not supported by case law And it's with good reason that she's not able to present to you today Any reason or any support for the premise That a warning label is sufficient To constitute constructive notice We would ask that the court affirm The decision of the trial court Dismissing plaintiff's complaint with prejudice Thank you Thank you Ms. Brown I would just like to point out that The plaintiff's second amended complaint Does allege certain things One being that the defendant knew Or should have known of the warning label The defendant knew or should have known That the set screws needed to be tightened prior to use And that the defendant failed to ensure That the set screws were tightened And it's also alleged that The defendant was aware Should have been aware that over tightening Was likely to cause injury How many times did you amend your complaint At the trial court? Twice And then after the second time It was dismissed with prejudice? Yes, your honor And the trial court's ruling was My understanding was that it was based primarily On the fact that I could not provide Any direct on point case law Saying that a warning label was enough To find lymphoma in conduct And so the judge was not comfortable with I believe he said making that leap But obviously as your honor indicated There's a first time for everything And I think that this is that situation Again in terms of the public policy And the implications of this case On restricting recreational activities I think that as long as the coaches Are going to operate What appears to be dangerous equipment On their own I don't think that this is going to be A burden on the schools Or the teachers Or recreational activities altogether I think it's obvious that Operating a crank A volleyball crank Is dangerous Based on what occurred in this case Thank you At this time The court will take the matter under advisement And render a decision in due course The court stands in brief recess